**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | |
|---|---|
| JUSTIN O'BRIEN, on behalf of himself and all others similarly situated,<br><br>                Plaintiff,<br><br>   v.<br><br>SMOOTHSTACK, INC.,<br><br>                Defendant. | **Civil Action No. 1:23-cv-00491-RDA-LRV** |

**REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR
<u>COURT-AUTHORIZED NOTICE PURSUANT TO 29 U.S.C. § 216(b)</u>**

**TABLE OF CONTENTS**

INTRODUCTION ......................................................................................................... 1

ARGUMENT ............................................................................................................... 1

    I.     The Court Should Apply the Well-Established Two-Step Approach for FLSA Certification ........................................................................... 1

    II.    Smoothstack Concedes that Recruits and Consultants Are Similarly Situated ............................................................................................ 2

          A.     Smoothstack Concedes Facts Supporting Notice for the Unpaid Period and this Court Should Rejects Its Merits Arguments ...................................................................................... 3

          B.     Smoothstack Concedes Facts Supporting Notice for the Underpaid Period and This Court Should Reject Its Attempt to Raise Factual Disputes ......................................................... 6

          C.     Smoothstack Concedes Facts Supporting Notice for the Free-and-Clear Claim. ............................................................................ 11

    III.   The Court Should Approve Plaintiff's Revised Proposed Notice and Reminder and Multiple Methods of Distribution ............................... 11

          A.     Multiple Methods of Distribution are Appropriate. ............................. 13

          B.     A Reminder 30 Days into the Notice Period is Appropriate. .............. 15

          C.     The Text of the Revised Proposed Notice and Reminder is Judicially Neutral ................................................................... 17

          D.     Smoothstack Should Be Ordered to Produce All Requested Contact Information for Potential Collective Members ...................... 18

CONCLUSION ........................................................................................................... 18

# **TABLE OF AUTHORITIES**

**Cases**                                                                                                          **Page(s)**

*Belt v. P.F. Chang's China Bistro, Inc.*
    No. 18 Civ. 3831, 2020 U.S. Dist. LEXIS 119283 (E.D. Pa. July 8, 2020) ........................ 16

*Beltran v. InterExchange, Inc.*
    No. 14 Civ. 3074, 2017 U.S. Dist. LEXIS 205079 (D. Colo. June 9, 2017) ....................... 15

*Biscardi v. Gov't Emps. Ins. Co.*
    No. 21 Civ. 2240, 2023 U.S. Dist. LEXIS 5896 (D. Md. Jan. 11, 2023) ........................... 14

*Boyd v. SFS Commcn's LLC.*
    No. 15 Civ. 3068, 2017 U.S. Dist. LEXIS 11261 (D. Md. Jan. 26, 2017) ......................... 16

*Brown v. Energy Servs. Grp. Intl., Inc.*
    No. 21 Civ. 611, 2021 U.S. Dist. LEXIS 237954 (E.D. Va. Dec. 13, 2021) ................................. ,, 14

*Butler v. DirectSAT USA, LLC.*
    47 F. Supp. 3d 300 (D. Md. 2014) ...................................................... 10

*Byard v. Verizon W. Va., Inc.*
    287 F.R.D. 365 (N.D.W. Va. 2012) ..................................................... 17

*Carabajo v. APCO Insulation Co.*
    No. 22 Civ. 04175, 2023 U.S. Dist. LEXIS 100894 (E.D.N.Y. June 9, 2023) ..................... 7

*Chhab v. Darden Rest., Inc.*
    No. 11 Civ. 8345, 2013 U.S. Dist. LEXIS 135926 (S.D.N.Y. Sept. 19, 2013) ................... 16

*Choimbol v. Fairfield Resorts, Inc.,*
    475 F. Supp. 2d 557 (E.D. Va. 2006) ................................................... 2

*Davis v. Colonial Freight Sys.*
    No. 16 Civ. 674, 2018 U.S. Dist. LEXIS 241259 (E.D. Tenn. Mar. 2, 2018) ..................... 4

*Dearman v. Collegiate Housing Servs., Inc.*
    No. 17 Civ. 57, 2018 U.S. Dist. LEXIS 54692 (W.D.N.C. Mar. 30, 2018) ..................... 6, 7

*DeBenedetto v. Thaxton Inv. Corp.*
    No. 15 Civ. 2475, 2016 U.S. Dist. LEXIS 37454 (D.S.C. Mar. 23, 2016) ....................... 17

*Diaz v. Quality Crab Co.*
    No. 10 Civ. 15, 2011 U.S. Dist. LEXIS 109616 (E.D.N.C. Sep. 27, 2011) ....................... 17

*Dickensheets v. Arc Marine, LLC,*
    440 F. Supp. 3d 670 (S.D. Tex. 2020) .................................................. 16

*Gagliastre v. Capt. George's Seafood Rest. LP.*
     No. 17 Civ. 379, 2018 U.S. Dist. LEXIS 229850 (E.D. Va. March 13, 2018) ................... 8

*Harris v. Med. Transp. Mgmt., Inc.,*
    317 F. Supp. 3d 421 (D.D.C. 2018) .................................................... 14

*Hernandez v. KBR Servs., LLC.*
No. 22 Civ. 530, 2023 U.S. Dist. LEXIS 140795 (E.D. Va. Aug. 11, 2023) ........................................ 2

*Houston v. URS Corp.*
591 F. Supp. 2d 827 (E.D. Va. 2008) ........................................................................... 10, 11

*Hudgins v. Total Quality Logistics, LLC.*
No. 16 Civ. 7331, 2016 U.S. Dist. LEXIS 178356 (N.D. Ill. Dec. 23, 2016) ........................................ 4

*Hughes v. NVR, Inc.*
No. 21 Civ. 1018, 2022 U.S. Dist. LEXIS 180151 (E.D. Va. Sept. 30, 2022) ........................ 2, 4, 7, 9

*Jean-Francois v. Smithfield Foods, Inc.*
No. 22 Civ. 63, 2023 U.S. Dist. LEXIS 118136 (E.D.N.C. Jul. 10, 2023) ........................................ 2

*Jones v. Casablanca.*
No. 22 Civ. 2307, 2023 U.S. Dist. LEXIS 117515 (D.S.C. July 7, 2023) ........................................ 14

*La-Fleur v. Dollar Tree Stores, Inc.*
No. 12 Civ. 363, 2012 U.S. Dist. LEXIS 143514 (E.D. Va. Oct. 2, 2012) ................................. 4, 8, 9

*Lewis v. Precision Concepts Grp., LLC.*
18 Civ. 64, 2019 U.S. Dist. LEXIS 241579 (M.D.N.C. July 29, 2019) ........................................ 17

*Lupardus v. Elk Energy Servs., LLC.*
No. 19 Civ. 529, 2020 U.S. Dist. LEXIS 133004 (S.D.W. Va. July 28, 2020) ................................. 10

*Macpherson v. Firth Rixson Ltd.*
No. 12 Civ. 6162, 2012 U.S. Dist. LEXIS 89973 (W.D.N.Y. June 28, 2012) ........................................ 17

*Marshall v. R.J. Reynolds Tobacco Co.*
No. 07 Civ. 227, 2007 U.S. Dist. LEXIS 96283 (W.D. Mo. Oct. 26, 2007) ........................................ 7

*Mathews v. U.S. Today Sports Media Grp., LLC.*
No. 22 Civ. 1407, 2023 U.S. Dist. LEXIS 95475 (E.D. Va. Apr. 14, 2023) ........................................ 2

*McCoy v. Transdev Servs.*
No. 19 Civ. 2137, 2020 U.S. Dist. LEXIS 82569 (D. Md. May 11, 2020) ................................. 15, 18

*Meeker v. Med. Transp., LLC.*
No. 14 Civ. 426, 2015 U.S. Dist. LEXIS 43143 (E.D. Va. Apr. 1, 2015) ........................................ 8

*Millin v. Brooklyn Born Chocolate, LLC.*
No. 19 Civ. 3346, 2020 U.S. Dist. LEXIS 79950 (E.D.N.Y. May 6, 2020) ........................................ 14

*Myles v. Prosperity Mortg. Co.*
No. 11 Civ. 1234, 2012 U.S. Dist. LEXIS 75371 (D. Md. May 31, 2012) ........................................ 18

*Presson v. Recovery Connections Cmty.*
No. 18 Civ. 466, 2019 U.S. Dist. LEXIS 115015 (E.D.N.C. July 10, 2019) ........................................ 18

*Privette v. Waste Pro of N.C., Inc.*
No. 19 Civ. 3221, 2020 U.S. Dist. LEXIS 67387 (D.S.C. Apr. 16, 2020) ........................................ 13

*Purdham v. Fairfax Cnty. Pub. Sch.*,
    629 F. Supp. 2d 544 (E.D. Va. 2009) ............................................................. 10

*Randolph v. PowerComm Const., Inc.*,
    7 F. Supp. 3d 561 (D. Md. 2014) .................................................................. 10

*Roldan v. Bland Landscaping Co. Inc.*,
    341 F.R.D. 23 (W.D.N.C. Feb. 1, 2022) ........................................................ 13

*Smith v. Dasyua Enters. LLC.*
    No. 17 Civ. 17895, 2020 U.S. Dist. LEXIS 5943 (E.D. La. Jan. 14, 2020) .................................... 4

*Stacy v. Jennmar Corp. of Va., Inc.*,
    342 F.R.D. 215 (W.D.V.A. Aug. 25, 2022) .................................................... 14

*Stacy v. Jennmar Corp. of Va., Inc.*
    No. 21 Civ. 15, 2021 U.S. Dist. LEXIS 198258 (W.D. Va. Oct. 14, 2021) ........................................ 17

*Stang v. Paycor, Inc.*
    No. 20 Civ. 882, 2022 U.S. Dist. LEXIS 21045 (S.D. Oh. Feb. 7, 2022) ......................................... 14

*Stone v. SRA Int'l, Inc.*
    No. 14 Civ. 209, 2014 U.S. Dist. LEXIS 150043 (E.D. Va. Oct. 22, 2014) ....................................... 5

*Swales v. KLLM Transp. Servs., LLC*,
    985 F.3d 430 (5th Cir. 2021) ........................................................................ 2

*Syrja v. Westat, Inc.*,
    756 F. Supp. 2d 682 (D. Md. 2010) ......................................................... 5, 6

*Thomas v. Maximus, Inc.*
    No. 21 Civ. 498, 2022 U.S. Dist. LEXIS 35126 (E.D. Va. Feb. 28, 2022) ..................................... 8, 16

*Thomas v. Maximus, Inc.*
    No. 21 Civ. 498, 2022 U.S. Dist. LEXIS 84827 (E.D. Va. May 10, 2022) ......................................... 14

*Valdez v. MichPat & Fam, LLC.*
    No. 20 Civ. 2570, 2022 U.S. Dist. LEXIS 58550 (E.D.N.Y. Mar. 30, 2022) ..................................... 13

*Vasto v. Credico (USA) LLC.*
    No. 15 Civ. 9298, 2016 U.S. Dist. LEXIS 60158 (S.D.N.Y. May 5, 2016) ......................................... 7

*Wade v. Furmanite Am., Inc.*
    No. 17 Civ. 169, 2018 U.S. Dist. LEXIS 75624 (S.D. Tex. May 4, 2018) ......................................... 15

*Weinstein v. 440 Corp.*
    No. 19 Civ. 105, 2019 U.S. Dist. LEXIS 190678 (N.D. Ga. Nov. 4, 2019) ....................................... 15

*Winks v. Va. Dep't of Transp.*
    No. 20 Civ. 420, 2021 U.S. Dist. LEXIS 114057 (E.D. Va. June 17, 2021) ..................................... 6, 9

*Yerby v. City of Richmond, Va.*
    No. 19 Civ. 393, 2020 U.S. Dist. LEXIS 21959 (E.D. Va. Feb. 7, 2020) ........................................... 2

## INTRODUCTION

Plaintiff has met his minimal burden for conditional certification. Smoothstack admits that Plaintiff and other Recruits and Consultants nationwide receive the same training with consistent expectations regarding hours and assignments, are subject to uniform timekeeping and compensation policies, and must sign an agreement with a Training Repayment Agreement Provision ("TRAP"). Rather than rebut Plaintiff's showing that notice is appropriate, Smoothstack's evidence further corroborates that Plaintiff and the potential collective are similarly situated during the Unpaid and Underpaid Periods.[1] Smoothstack's attempts to distract the Court with merits-based arguments regarding whether Recruits are, in fact, "employees" under the Fair Labor Standards Act ("FLSA") during the Unpaid Period and to highlight factual disputes should be disregarded as premature and irrelevant to the notice inquiry. Further, the parties have reached agreement on nearly every disputed issue regarding the substance of the notice and agree on at least two methods of distribution.[2] The Court should reject Smoothstack's position on the remaining issues, which serve only to discourage and diminish participation in this lawsuit.

## ARGUMENT

I.    **The Court Should Apply the Well-Established Two-Step Approach for FLSA Certification.**

For decades, courts in this Circuit — like the vast majority of district courts nationwide — have followed the two-step approach for FLSA certification, and the Court should resist

---

[1]    Plaintiff's term "Unpaid Period" is synonymous with Smoothstack's term "Application Period" and Plaintiff's term "Underpaid Period" is synonymous with Smoothstack's term "Training Period." Opp. Br. at 3, 7, ECF No. 39. Plaintiff's term "Training Period" refers to the Unpaid Period and Underpaid Period combined.

[2]    Unless otherwise indicated, all exhibits referenced herein are attached to the Declaration of Jahan C. Sagafi in Support of Plaintiff's Reply in Support of Plaintiff's Motion for Court-Authorized Notice Pursuant to 29 U.S.C. § 216(b) ("Sagafi Decl.").

1

Smoothstack's suggestion that abandoning that approach would be appropriate here.  *See* Opp. Br. at 4-6.  *Swales v. KLLM Transportation Services, LLC*, 985 F.3d 430 (5th Cir. 2021), is a non-binding, out-of-circuit decision that this Court correctly rejected less than a year ago in *Hughes v. NVR, Inc.*, No. 21 Civ. 1018, 2022 U.S. Dist. LEXIS 180151 (E.D. Va. Sept. 30, 2022), deciding instead to "abide by the two-step process, as a myriad courts in the Fourth Circuit have," *id.* at *11 (citing cases); *see also* Pl.'s Mot. at 11 n.6, ECF No. 33.  The lone case following *Swales* in this district is "an extreme outlier."  *See Hernandez v. KBR Servs., LLC*, No. 22 Civ. 530, 2023 U.S. Dist. LEXIS 140795, at *16 (E.D. Va. Aug. 11, 2023) (discussing *Mathews v. U.S. Today Sports Media Grp., LLC*, No. 22 Civ. 1407, 2023 U.S. Dist. LEXIS 95475, at *3 (E.D. Va. Apr. 14, 2023)).  In fact, the two district courts in this Circuit to have considered this issue since *Mathews* have refused to follow its reasoning.  *See id.*; *Jean-Francois v. Smithfield Foods, Inc.*, No. 22 Civ. 63, 2023 U.S. Dist. LEXIS 118136, at *7 (E.D.N.C. Jul. 10, 2023) (rejecting *Mathews* and applying the two-step approach).  The two-step approach governs here.

## II.    Smoothstack Concedes that Recruits and Consultants Are Similarly Situated.

The two-step approach includes a "notice" stage and, later, a "decertification" stage.  *See Yerby v. City of Richmond, Va.*, No. 19 Civ. 393, 2020 U.S. Dist. LEXIS 21959, at *7 (E.D. Va. Feb. 7, 2020).  Notice should issue where plaintiffs make a "modest factual showing" that they "were victims of a common policy or plan that violated the law."  *Choimbol v. Fairfield Resorts, Inc.*, 475 F. Supp. 2d 557, 564 (E.D. Va. 2006).  Plaintiff easily meets this modest burden and Smoothstack fails to make any showing to the contrary.  As set forth in detail below, Smoothstack concedes that Recruits and Consultants are similarly situated by affirmatively stating that they: (1) receive the same training during the Training Program, which is purposefully designed with consistent expectations regarding hours and assignments; (2) are subject to uniform compensation and timekeeping policies; (3) are uniformly treated as non-employees during the Unpaid Period;

and (4) must sign an agreement with a TRAP.[3]  These admissions, along with Plaintiff's ample evidence — including the well-pled allegations in the First Amended Complaint, corporate documents, and declarations from three former employees, *see* ECF Nos. 19, 19-1 through 19-3, and 33-2 through 33-4 — are more than enough to send notice to potential collective members.

### A.    Smoothstack Concedes Facts Supporting Notice for the Unpaid Period and this Court Should Rejects Its Merits Arguments.

Smoothstack's own evidence corroborates Plaintiff's argument that Recruits are similarly situated during the Unpaid Period.  *See* Opp. Br. at 7; *id.* at Ex. A ("Kuiper Decl.") ¶¶ 4-5, 10, 17. Specifically, Smoothstack admits all Recruits receive the same training, stating that it provides all Recruits nationwide with training on "broad-based technical skills" regardless of their specific training program (e.g., Java-Full Stack, DevOps Cloud, etc.) and Recruits complete the same assignments with similar expectations regarding hours.  *See* Kuiper Decl. ¶¶ 4-8, 11-16, 19, 27, 29.  Smoothstack concedes that all Recruits are "unpaid" and have "no expectation of compensation" during this period.  *Id.* ¶ 10.  Moreover, Smoothstack uniformly classifies all Recruits as non-employees.  *Id.* ¶ 18.  These facts demonstrate that Recruits are similarly situated, which is entirely consistent with Plaintiff's evidence.  *See* First Am. Compl. ("FAC") ¶ 8, ECF No. 19; ECF No. 19-3 at 2 ("payment will start week 4"); O'Brien Decl. ¶¶ 3, 18-19, ECF 33-2; Nguyen Decl. ¶ 3, 17-18, ECF 33-3; Ejini Decl. ¶¶ 3, 20-21, ECF No. 33-4.  Further, Smoothstack does not dispute that the challenged policy — failure to pay minimum wage and proper overtime

---

[3]    Plaintiff addresses Smoothstack's arguments regarding the Unpaid Period and the Underpaid Period separately but the Court need only issue one notice for both periods.  First, the FLSA violations are the same: Smoothstack employees worked off-the-clock during both the Unpaid Period and the Underpaid Period.  Second, most potential collective members worked during both Periods, and sending two notices would be confusing.  Third, the parties have agreed to one form of notice for both groups.  *See* Ex. 1 (Revised Proposed Notice); Ex. 2 (Revised Reminder Notice).

compensation — applies uniformly to all potential collective members.  The merits of these issues, including whether Recruits are employees under the FLSA and whether they are entitled to minimum and overtime wages, turn on straight-forward legal questions, the answers to which will not vary from person to person and, therefore, are perfectly suited for collective resolution.  On this basis alone, Plaintiff's motion should be granted.

Rather than rebut Plaintiff's showing that notice is appropriate, Smoothstack focuses exclusively on a single underlying merits argument — specifically, that notice should be denied because Recruits "simply are not employees of Smoothstack."  Opp. Br. at 8.  However, the sole focus at the conditional certification stage is whether Plaintiff is similarly situated to other potential collective members.  *See La-Fleur v. Dollar Tree Stores, Inc.*, No. 12 Civ. 363, 2012 U.S. Dist. LEXIS 143514, at *31-32 (E.D. Va. Oct. 2, 2012) (at the notice stage, courts do not "decide substantive issues going to the merits of the case" (citing *Hargrove v. Ryla Teleservs. Inc.*, No. 11 Civ. 344, 2012 U.S. Dist. LEXIS 17723, at *28 (E.D. Va. Jan. 3, 2012)); *see also Hughes*, 2022 U.S. Dist. LEXIS 180151, at *12 (same).  Courts routinely reject a defendant's attempt to bypass the notice inquiry by focusing instead on inappropriate merits arguments, including disputes regarding whether potential collective members are employees under the FLSA.  *See, e.g.*, *Davis v. Colonial Freight Sys.*, No. 16 Civ. 674, 2018 U.S. Dist. LEXIS 241259, at *18 (E.D. Tenn. Mar. 2, 2018) (declining to consider arguments that plaintiffs were not covered by the FLSA at the notice stage in an independent contractor misclassification case); *Smith v. Dasyua Enters. LLC*, No. 17 Civ. 17895, 2020 U.S. Dist. LEXIS 5943, at *4 (E.D. La. Jan. 14, 2020) (same); *see also Hudgins v. Total Quality Logistics, LLC*, No. 16 Civ. 7331, 2016 U.S. Dist. LEXIS 178356, at *10, *16 (N.D. Ill. Dec. 23, 2016) (authorizing notice to trainees).

Without citing any authority, Smoothstack makes the conclusory assertion that Plaintiff "must present evidence that [Recruits] were employees entitled to wages." Opp. Br. at 9. This is wrong. Plaintiff need not make *any* showing that Smoothstack actually violated the FLSA at this juncture. Employees are similarly situated if they *allege* to be "victims of a common policy or plan that violated the law." Pl.'s Mot. at 13 (citing *Gagliastre v. Capt. George's Seafood Rest. LP*, No. 17 Civ. 379, 2018 U.S. Dist. LEXIS 229850, at *25-26 (E.D. Va. March 13, 2018)); *see also Stone v. SRA Int'l, Inc.*, No. 14 Civ. 209, 2014 U.S. Dist. LEXIS 150043, at *16 (E.D. Va. Oct. 22, 2014) ("Defendant's focus on Plaintiff's alleged failure to prove a violation of the FLSA is inapposite at this [notice] stage."). If anything, Smoothstack's suggestion that it can prove that Recruits are not employees under the FLSA only further supports Plaintiff's contention that notice is appropriate. The Court can resolve this legal question after discovery with generalized proof and without the need for any individualized inquiries, given the centralized policies at issue.

Smoothstack cites only two cases in support of its argument and neither support its position. *See* Opp. Br. at 7-8. In *Syrja v. Westat, Inc.*, 756 F. Supp. 2d 682 (D. Md. 2010), the court did not undertake any merits inquiry in deciding a motion for certification. *See id.* at 687-88. *Syrja* is also distinguishable because there, the court's basis for denying certification was based on stark differences between potential plaintiffs' work assignments as well as the lack of a uniform policy that allegedly violated the FLSA. *Id.* at 687-90. In contrast, here, Plaintiff's evidence shows there is a single uniform policy that is *per se* unlawful (failing to pay *any* compensation) and all Recruits hold the exact same position, as they must attend the same training and complete the same assignments regardless of when and where they completed the Unpaid Period. *See* ECF No. 19-3 at 2 ("payment will start week 4"); FAC ¶ 8; O'Brien Decl. ¶¶ 3, 18-19; Nguyen Decl. ¶¶ 3, 17-18; Ejini Decl. ¶¶ 3, 20-21; *see also* Opp. Br. at 3-4; Kuiper Decl. ¶ 37 (conceding that "no

substantive change has occurred to the method of the training as to each system and cohort"). Notably, the *Syrja* court strongly suggested that such facts are supportive of certification. *See Syrja*, 756 F. Supp. 2d at 690 (stating that facts showing employees who "work in a single location, in similar positions, under a single management structure" support certification).

Likewise, in *Winks v. Virginia Department of Transportation*, No. 20 Civ. 420, 2021 U.S. Dist. LEXIS 114057 (E.D. Va. June 17, 2021), a pay discrimination case, the court did not address whether potential plaintiffs were employees under the relevant statute; rather, the court emphasized that "significant variety in [potential plaintiffs'] job responsibilities" and "decentralized and individualized nature of pay determinations" made the case unsuitable for collective treatment. *Id.* at *5, *6. Here, Smoothstack admits that Recruits are subject to a common, centralized pay determination — no compensation — and their job responsibilities are not merely similar but exactly the same: finishing assignments and attending virtual classroom sessions. *See* Opp. Br. at 7-8; Kuiper Decl. ¶¶ 4-5, 10; *see also* ECF No. 19-3 at 2 ("payment will start week 4"); FAC ¶ 8; O'Brien Decl. ¶¶ 3, 18-19; Nguyen Decl. ¶¶ 3, 17-18; Ejini Decl. ¶¶ 3, 20-21. For these reasons, Smoothstack's cases are inapposite.

### B.       Smoothstack Concedes Facts Supporting Notice for the Underpaid Period and This Court Should Reject Its Attempt to Raise Factual Disputes.

Similarly, during the Underpaid Period, Smoothstack does not dispute that a common unlawful policy applies to Recruits nationwide. Smoothstack has a written policy of not paying overtime to employees who work more than 40 hours a week, which is a *per se* violation of the FLSA. FAC ¶¶ 101-02; ECF 19-3 at 2 (Q: "Do I get paid for extra work on weekdays/weekends?" A: "No. . . ."). This alone is sufficient for notice to issue.

For example, in *Dearman v. Collegiate Housing Services, Inc.*, No. 17 Civ. 57, 2018 U.S. Dist. LEXIS 54692 (W.D.N.C. Mar. 30, 2018), a court in this Circuit granted conditional

certification to an FLSA collective based solely on the uncontested statement in the plaintiff's declaration that the defendant had implemented "a centralized 'no overtime' rule even though employees worked more than 40 hours in a week." *Id*. at *6. Other courts have done the same. *See, e.g.*, *Carabajo v. APCO Insulation Co.*, No. 22 Civ. 04175, 2023 U.S. Dist. LEXIS 100894, at *15 (E.D.N.Y. June 9, 2023) ("[T]he written policy alone is sufficient to warrant certification— the policy is illegal and it applied to all employees."); *Vasto v. Credico (USA) LLC*, No. 15 Civ. 9298, 2016 U.S. Dist. LEXIS 60158, at *38 (S.D.N.Y. May 5, 2016) (holding courts "frequently find corporate documents . . . probative of a common policy that justifies conditional certification of a company-wide collective"); *Marshall v. R.J. Reynolds Tobacco Co.*, No. 07 Civ. 227, 2007 U.S. Dist. LEXIS 96283, at *4 (W.D. Mo. Oct. 26, 2007) (granting certification based on "defendant's written company-wide policies"). This Court should follow.

Smoothstack relies on *Hughes v. NVR, Inc.*, No. 21 Civ. 1018, 2022 U.S. Dist. LEXIS 180151 (E.D. Va. Sept. 30, 2022), to argue that certification is not merited here. But in that case, the plaintiffs attempted to rely on a "*de facto*, unwritten policy" to show the defendant required off-the-clock work despite a written policy that complied with the FLSA. *Id*. at *14. In contrast, Smoothstack's unlawful policy, which it has made no attempt to disclaim, is stated clearly in the handbook that is provided to all employees. *Hughes* is not relevant here. Moreover, Smoothstack focuses on a single fact in Mr. O'Brien's declaration — that he performed outside research to complete his assignments — as proof that his claims are not suitable for collective treatment. *See* Opp. Br. at 9-10. But critically, Smoothstack ignores other facts, including that Smoothstack "told [him] that when [he] wasn't working on assignments or attending classroom sessions," he should be performing independent research. *See* O'Brien Decl. ¶ 9. All three declarants testified similarly

that outside research was necessary to complete Smoothstack's assignments. *See* O'Brien Decl. ¶ 9; Ejini Decl. ¶ 9; Nguyen Decl. ¶ 5.

Even if Smoothstack's illegal, written policy were not enough to show a common policy or plan that violated the law, Plaintiff has provided more evidence to support certification, most of which Smoothstack does not attempt to contest. All three workers who submitted declarations stated that it was not possible to complete the work that Smoothstack required of them without working more than 40 hours per week. *See* Ejini Decl. ¶ 9; Nguyen Decl. ¶¶ 7, 10; O'Brien Decl. ¶ 13. Notably, two declarants stated specifically that Smoothstack told them that their expected working hours started between 6 a.m. and 9 a.m. and ended at 6 p.m. *See* Ejini Decl. ¶ 13; Nguyen Decl. ¶ 7. These hours required working more than 40 hours weekly. All three declarants further stated that Smoothstack was aware that its workers worked more than 40 hours per week and encouraged them to do so. *See* Ejini Decl. ¶¶ 9-14; Nguyen Decl. ¶¶ 8-10; O'Brien Decl. ¶¶ 8-13. And all three declarants stated that they worked up to approximately 80 hours a week, including weekends. *See* Ejini Decl. ¶ 12; Nguyen Decl. ¶¶ 11-12; O'Brien Decl. ¶ 13. This is more than enough to establish potential collective members are similarly situated. *See La-Fleur v. Dollar Tree Stores, Inc.*, No. 12 Civ. 363, 2012 U.S. Dist. LEXIS 143514, at *29-31 (E.D. Va. Oct. 2, 2012) (declarations sufficient to establish that employees are similarly situated); *Gagliastre*, 2018 U.S. Dist. LEXIS 229850, at *25-26 (same); *Thomas v. Maximus, Inc.*, No. 21 Civ. 498, 2022 U.S. Dist. LEXIS 35126, at *16-17 (E.D. Va. Feb. 28, 2022) (same); *Meeker v. Med. Transp., LLC*, No. 14 Civ. 426, 2015 U.S. Dist. LEXIS 43143, at *9-10 (E.D. Va. Apr. 1, 2015) (same).

Smoothstack simply ignores all of this evidence in its opposition, arguing instead that little-to-no unpaid overtime was ever recorded in its timekeeping system, which conveniently dates back to only July 2022. *See* Kuiper Decl. ¶¶ 31, 33-36. First, the Court should reject Smoothstack's

attempts to use competing declarations to raise factual disputes and advance implied credibility arguments, which are premature at this stage. *See La-Fleur*, 2012 U.S. Dist. LEXIS 143514, at *31-32 (at the notice stage, courts do not "engage in resolving factual disputes" (citing *Hargrove*, 2012 U.S. Dist. LEXIS 17723, at *28)). Second, even if true, it is entirely consistent with Plaintiff's evidence. Declarants Ejini and Nguyen were not permitted to enter more than 40 hours per week, even though they consistently worked more hours. Ejini Decl. ¶¶ 16-18; Nguyen Decl. ¶¶ 14-15.[4] Mr. Ejini stated that Smoothstack once required him to alter his timesheets to delete time for work performed on a holiday, and Mr. Nguyen stated that Smoothstack reprimanded him for entering time worked on a Saturday. *See* Ejini Decl. ¶¶ 17-18; Nguyen Decl. ¶ 15. Indeed, Smoothstack substantiates these statements, noting that Mr. Nguyen reported overtime only once and then never again. *See* Kuiper Decl. ¶ 34.

The cases that Smoothstack cites where courts denied conditional certification all involve sharply distinguishable facts. For example, in addition to involving an unwritten policy rather than a written policy, as discussed above, only a single declarant in *Hughes* actually stated that she was not permitted to record overtime, while another had in fact sought and received overtime approval in accordance with company policy. 2022 U.S. Dist. LEXIS 180151, at *7-9. Here, the unrefuted evidence shows Smoothstack's policy requiring off-the-clock work was applied consistently to all employees. As explained above (at 9), in *Winks*, the court concluded that the broad range of factors the employer considered in making salary determinations across a wide range of job titles precluded certification on the question of whether such determinations were discriminatory. 2021 U.S. Dist. LEXIS 114057, at *6-7. That is hardly comparable to the straightforward questions

---

[4]     Mr. O'Brien did not record any hours as he completed the Training Program prior to Smoothstack adopting a timekeeping system. *See* O'Brien Decl. ¶ 15.

here: one, whether Smoothstack prohibited workers from recording over 40 hours per week, and two, whether workers worked over 40 hours per week with Smoothstack's knowledge. Plaintiff has provided unrefuted, uniform evidence of both.

Finally, in *Purdham v. Fairfax County Public School*, 629 F. Supp. 2d 544 (E.D. Va. 2009), the court denied collective certification because of "the probable necessity of an individualized FLSA coverage determination for each member of the potential class." *Id*. at 549. While it is true that, as Smoothstack cites, the court noted that members of the potential collective likely worked varying hours and received varying amounts of pay, that by itself was not the basis for the conclusion that collective certification was not merited. Rather, the court held certification was not appropriate because whether collective members were employees under the FLSA depended on how often they worked and how much they were paid for that work. *Id*. at 550. Because there was no "common plan or policy" as to those key merits questions, no collective could be certified. *Id*. (citation omitted).

Here, in contrast, Smoothstack has at most identified that there *may* be differences in the amount of damages owed to potential collective members. It is well-settled that a variation in damages amounts does not defeat collective certification. *See Lupardus v. Elk Energy Servs., LLC*, No. 19 Civ. 529, 2020 U.S. Dist. LEXIS 133004, at *14 (S.D.W. Va. July 28, 2020) (granting collective certification where "the court will need to evaluate the amount of damages for each plaintiff"); *Randolph v. PowerComm Const., Inc.*, 7 F. Supp. 3d 561, 577 (D. Md. 2014) ("[T]he possibility of individualized [damages] inquiries is not a basis for denying conditional certification."); *Butler v. DirectSAT USA, LLC*, 47 F. Supp. 3d 300, 309 (D. Md. 2014) ("In a wage-and-hour action, there are always going to be differences among workers' hours, but that is not a reason to deny certification . . ."); *Houston v. URS Corp.*, 591 F. Supp. 2d 827, 832 (E.D.

10

Va. 2008) (the "similarly situated" requirement "is not to say that there can be no differences among class members or that an individualized inquiry may not be necessary in connection with fashioning the specific relief or damages to be awarded to each class member"). Accordingly, Plaintiff has satisfied his burden for notice as to claims regarding the Underpaid Period.

### C. Smoothstack Concedes Facts Supporting Notice for the Free-and-Clear Claim.

Finally, Smoothstack does not dispute that it requires Recruits and Consultants to sign a Training Agreement and/or Employment Agreement with an unlawful TRAP. *See* Opp. Br. at 8-9; Kuiper Decl. ¶ 3. This is sufficient for notice as to the free-and-clear claim. *See* Pl.'s Mot. at 18-19. Smoothstack argues only that potential collective members do not sign a TRAP until the end of the Unpaid Period. *See* Opp. Br. at 8 n.1. But this is consistent with Plaintiff's evidence, *see* FAC ¶ 16; O'Brien Decl. ¶ 6; Nguyen Decl. ¶ 4; Ejini Decl. ¶ 5, and only confirms that potential collective members who sign a TRAP are similarly situated.

### III. The Court Should Approve Plaintiff's Revised Proposed Notice and Reminder and Multiple Methods of Distribution.

In response to Smoothstack's opposition brief, Plaintiff's counsel and Smoothstack's counsel met and conferred regarding Plaintiff's proposed notice to reach a compromise on its content. *See* Sagafi Decl. ¶ 4. The parties have agreed to or Smoothstack does not oppose the following aspects of the form, scope, and methods of notice, if the Court concludes that notice is warranted:

- Notice shall take the form of Plaintiff's Revised Proposed Notice, attached as Exhibit 1, including a QR code, subject to the Court's ruling on the lone dispute discussed *infra* (Sagafi Decl. ¶ 5(a));

- Notice shall be sent via U.S. mail and email (Sagafi Decl. ¶ 5(b));[5]

---

[5] As discussed, *infra*, the parties dispute whether the other methods of distribution that Plaintiff requests are appropriate. However, the parties do agree that U.S. mail and email notice

- Notice shall be posted on a standalone website created by Plaintiff with a place to download the Consent to Join form (Sagafi Decl. ¶ 5(c));

- Notice shall be sent to all persons who worked at Smoothstack at any time between the date three years prior to the date the Court grants Plaintiff's motion to the present, and who participated in Smoothstack's training program **and/or** signed a training agreement or employment agreement that includes a repayment provision, which provides the person may not quit or be fired for cause prior to billing a minimum number of hours for a Smoothstack client (Sagafi Decl. ¶ 5(d));[6]

- Notice will issue to potential collective members who worked for Smoothstack anytime from three (3) years prior to the date of the Court's order granting conditional certification (Sagafi Decl. ¶ 5(e));

- The notice period shall last 75 days, with the exception of remailings as outlined in the Revised Proposed Notice (Sagafi Decl. ¶ 5(f));

- If the Court rules that a reminder should issue, the reminder shall take the form of the Revised Reminder Notice, attached as Exhibit 2, subject to the Court's ruling on the lone dispute discussed *infra* (Sagafi Decl. ¶ 5(g));

- Smoothstack shall provide to Plaintiff's counsel within 14 days of the Court's order a computer-readable list of the following: (1) full name; (2) last known mailing address; (3) last known personal emailing address; (4) dates of employment (Sagafi Decl. ¶ 5(h));[7]

The parties' limited remaining disputes, *see* Sagafi Decl. ¶¶ 6(a)-(d), should be decided in

Plaintiff's favor.  First, notice should be disseminated via text message and social media (LinkedIn

---

are appropriate and Smoothstack does not oppose the notice administrator posting notice on a stand-alone website.

[6] In Plaintiff's Proposed Notice, *see* Ex. 4, ECF No. 33-4, Plaintiff stated that notice shall be sent to individuals "who participated in Smoothstack's training program **and** signed" a TRAP. Plaintiff requests that notice be sent to all persons who participated in Smoothstack's training program **and/or** signed" a TRAP, as there are some potential collective members who completed only the Unpaid Period and therefore did not sign a TRAP.  *See* Ex. 1 (Revised Proposed Notice) at 1, 5; *see also supra* at 7 n.3; Opp. Br. at 8 n.1.

[7] Although Smoothstack disputes the employment status of potential collective members during the Unpaid Period and argues that notice should be sent to only those who complete the Underpaid Period, such merits arguments are irrelevant at this stage.  *See supra* at Section II.A. Accordingly, the Court should expressly order Smoothstack to produce dates of employment from the first day of training — that is, from the first day of the Unpaid Period.

and Instagram).  Second, a reminder notice is appropriate and should be sent to all potential collective members who do not opt in during the first 30 days of the notice period.  Third, the Revised Proposed Notice and Revised Proposed Reminder Notice's language should include "Official Court-Authorized Notice" and "United States District Court Eastern District of Virginia" because it is judicially neutral.  Finally, Smoothstack should be ordered to produce the following additional data to Plaintiff's counsel: (1) last known telephone numbers; (2) work locations; (3) social media handles, if known; and (4) the last four digits of social security numbers for potential collective members whose notice is returned undeliverable.

      **A.**      **Multiple Methods of Distribution are Appropriate.**

Smoothstack opposes Plaintiff's request to send notice via text message and social media (LinkedIn and Instagram), and only agrees to distribution by U.S. mail and e-mail.  *See* Opp. Br. at 11.  Smoothstack is incorrect that text message notice is redundant and unnecessary when there is e-mail notice.  Text messaging is ubiquitous and is the primary means of communication for many people.  *See Roldan v. Bland Landscaping Co. Inc.*, 341 F.R.D. 23, 35 (W.D.N.C. Feb. 1, 2022) ("[A]t the same time that email has become less useful, text messaging has become far more common, being regularly used for commercial as well as personal communications"); *Privette v. Waste Pro of N.C., Inc.*, No. 19 Civ. 3221, 2020 U.S. Dist. LEXIS 67387, at *19 (D.S.C. Apr. 16, 2020) ("Text messaging appears eminently reasonable to the Court. This has become a much more mobile society with one's email address and cell phone serving as the most consistent and reliable method of communication" (internal quotations and citations omitted)); *see also Valdez v. MichPat & Fam, LLC*, No. 20 Civ. 2570, 2022 U.S. Dist. LEXIS 58550, at *41 (E.D.N.Y. Mar. 30, 2022) (stating objections to text message notice are outdated and "not in touch with the reality of current life").

Further, the young, tech savvy, and transient nature of the potential collective, *see* O'Brien Decl. ¶ 19; Nguyen Decl. ¶ 20; Ejini Decl. ¶¶ 23-24, means that text messaging is a more reliable means of providing notice than merely U.S. mail and e-mail.  *See Harris v. Med. Transp. Mgmt., Inc.*, 317 F. Supp. 3d 421, 426 (D.D.C. 2018) (finding "serving notice by text message is appropriate" because of the "transient nature of potential plaintiffs").  Courts in this Circuit routinely authorize text message notice.  *See, e.g.*, *Brown v. Energy Servs. Grp. Intl., Inc.*, No. 21 Civ. 611, 2021 U.S. Dist. LEXIS 237954, at *10 (E.D. Va. Dec. 13, 2021) ("Courts within the Fourth Circuit have found notice through regular mail, email, and text messaging to be warranted[.]"); *Biscardi v. Gov't Emps. Ins. Co.*, No. 21 Civ. 2240, 2023 U.S. Dist. LEXIS 5896, at *20 (D. Md. Jan. 11, 2023) (authorizing notice by U.S. mail, e-mail, and text message); *Jones v. Casablanca*, No. 22 Civ. 2307, 2023 U.S. Dist. LEXIS 117515, at *14 (D.S.C. July 7, 2023) (same); *see also Millin v. Brooklyn Born Chocolate, LLC*, No. 19 Civ. 3346, 2020 U.S. Dist. LEXIS 79950, at *8 (E.D.N.Y. May 6, 2020) ("There is no credible reason why notice should not be provided by email or text message, especially given the broad remedial purpose of the FLSA.").[8]  This Court should follow suit.

For similar reasons, authorizing social media notice, specifically LinkedIn and Instagram, is appropriate.  Again, the nature of the potential collective — young, tech-savvy professionals — means that traditional means of notice may not be as effective, and other methods are necessary to

---

[8]     Smoothstack does not object to Plaintiff's request to post notice on a standalone website where potential collective members can electronically submit a completed consent to join form, nor does it object to including a QR code on the notice, which would allow potential collective members to easily reach the website to complete the consent to join form.  The Court should therefore authorize this method of distribution.  *See Stacy v. Jennmar Corp. of Va., Inc.*, 342 F.R.D. 215, 226 (W.D.V.A. Aug. 25, 2022) (authorizing standalone website for opt-in plaintiffs to submit consent forms); *Stang v. Paycor, Inc.*, No. 20 Civ. 882, 2022 U.S. Dist. LEXIS 21045, at *12 (S.D. Oh. Feb. 7, 2022) (same); *Thomas*, 2022 U.S. Dist. LEXIS 84827, at *23 (authorizing text message notice with hyperlink).

effectuate the purpose of notice under the FLSA.  *See Beltran v. InterExchange, Inc.*, No. 14 Civ. 3074, 2017 U.S. Dist. LEXIS 205079, at *19 (D. Colo. June 9, 2017) (authorizing social media notice where collective members were "largely young, largely transient"); *Wade v. Furmanite Am., Inc.*, No. 17 Civ. 169, 2018 U.S. Dist. LEXIS 75624, at *23 (S.D. Tex. May 4, 2018) (authorizing social media notice because "younger individuals are much more likely to eschew email communications, and instead, maintain an active social networking presence").  Here, potential collective members are likely to maintain an active LinkedIn account and to follow or receive information about Smoothstack via Instagram, *see* Nguyen Decl. ¶ 20; Ejini Decl. ¶¶ 23-24, making these methods particularly appropriate.  *See McCoy v. Transdev Servs.*, No. 19 Civ. 2137, 2020 U.S. Dist. LEXIS 82569, at *20 (D. Md. May 11, 2020) (concluding "potential plaintiffs [] regularly communicate primarily by Facebook" and therefore, "such [] means of notification is entirely reasonable") (collecting cases); *Weinstein v. 440 Corp.*, No. 19 Civ. 105, 2019 U.S. Dist. LEXIS 190678, at *14 (N.D. Ga. Nov. 4, 2019) (finding "social media will likely increase the efficacy of the notice").  The Court should therefore authorize social media notice via Instagram and LinkedIn.

### B.       A Reminder 30 Days into the Notice Period is Appropriate.

Smoothstack asserts that a reminder notice should be sent only if the initial notice is returned undeliverable.  *See* Opp. Br. at 14.  However, a reminder notice to all potential collective members who have not yet returned consent forms is appropriate and helps facilitate the purpose

of collective actions under the FLSA.[9]  *See Chhab v. Darden Rest., Inc.*, No. 11 Civ. 8345, 2013 U.S. Dist. LEXIS 135926, at *51 (S.D.N.Y. Sept. 19, 2013) ("Given that notice under the FLSA is intended to inform as many potential plaintiffs as possible of the collective action and their right to opt-in . . . reminder notice is appropriate." (citations omitted)).

Reminder notices, which are regularly authorized in this Circuit, are a "targeted second contact with those likely to be eligible to join the collective action." *Boyd v. SFS Commcn's LLC*, No. 15 Civ. 3068, 2017 U.S. Dist. LEXIS 11261, at *9 (D. Md. Jan. 26, 2017); *see also Thomas*, 2022 U.S. Dist. LEXIS 35126, at *25 (allowing a reminder notice via e-mail and text message halfway through the 90-day opt-in period).  A reminder provides a second chance to those plaintiffs who "do not receive, open, or view the initial letter, email, or text message providing notice," *Dickensheets v. Arc Marine, LLC*, 440 F. Supp. 3d 670, 673 (S.D. Tex. 2020), and "also helps ensure that those potential plaintiffs, who read the original notice but forget about it in the hustle and bustle of daily life, are reminded at least once about their opportunity to join the lawsuit." *Id.*; *see also Belt v. P.F. Chang's China Bistro, Inc.*, No. 18 Civ. 3831, 2020 U.S. Dist. LEXIS 119283, at *26-27 (E.D. Pa. July 8, 2020) (stating a reminder notice is not redundant, but rather gives notice to putative plaintiffs who misplace or forget about the initial notice).  Thus, the Court should authorize a reminder notice to be sent via the same methods to potential collective members who have not returned a Consent to Join form within 30 days into the notice period.

---

[9]     The parties agree that if the emailed and mailed notices are returned as undeliverable, the notice administrator should locate new addresses, immediately issue a re-mailing of the notice, and extend that potential collective's notice period by up to 30 days. *See* Ex. 1 (Revised Proposed Notice) at 1 n.1.  A reminder notice is entirely different, however, as it is a *second* notice to people who have presumably received the first.  Indeed, if a reminder is only issued if a notice is returned as undeliverable, it would not be a reminder.

**C.**     **The Text of the Revised Proposed Notice and Reminder is Judicially Neutral.**

The only areas of dispute regarding the contents of the Revised Proposed Notice and Reminder following the parties' meet and confer are the references to the Court at the top of the first page of each.  Specifically, Smoothstack objects to the title being "OFFICIAL COURT-AUTHORIZED NOTICE" and the inclusion of this Court's name, arguing these phrases suggest "judicial approval" and do not maintain the appearance of judicial neutrality.  *See* Opp. Br. at 14. However, courts regularly find that such language is appropriate and does not constitute judicial endorsement or reflect any bias.  *See, e.g.*, *Stacy v. Jennmar Corp. of Va., Inc.*, No. 21 Civ. 15, 2021 U.S. Dist. LEXIS 198258, at *11 (W.D. Va. Oct. 14, 2021) ("Merely stating that this court has authorized conditional certification of the putative collective action does not constitute endorsement of the litigation.") (citation omitted); *Lewis v. Precision Concepts Grp., LLC*, 18 Civ. 64, 2019 U.S. Dist. LEXIS 241579, at *6, *7 (M.D.N.C. July 29, 2019) (finding notice stating "court-authorized" and the court's name "helpful for clarity" and does not "promote the impression of judicial endorsement"); *Macpherson v. Firth Rixson Ltd.*, No. 12 Civ. 6162, 2012 U.S. Dist. LEXIS 89973, at *18 (W.D.N.Y. June 28, 2012) (same) *Byard v. Verizon W. Va., Inc.*, 287 F.R.D. 365, 376 (N.D.W. Va. 2012) (finding notice with case caption did not suggest judicial bias).[10]

In addition to the language being neutral, Plaintiff's Revised Proposed Notice and Reminder contains language that makes it clear that the Court has not yet decided the issues in the lawsuit.  *See* Ex. 1 (Revised Proposed Notice) at 1, 2 ("The Court has not yet made a determination

---

[10]     *See also DeBenedetto v. Thaxton Inv. Corp.*, No. 15 Civ. 2475, 2016 U.S. Dist. LEXIS 37454, at *6 (D.S.C. Mar. 23, 2016) (approving notice stating "The Honorable Mary G. Lewis, United States District Judge for the District of South Carolina, has certified this lawsuit as a collective action"); *Diaz v. Quality Crab Co.*, No. 10 Civ. 15, 2011 U.S. Dist. LEXIS 109616, at *9-10, *14 (E.D.N.C. Sep. 27, 2011) (approving notice stating "THIS NOTICE AND ITS CONTENTS HAVE BEEN AUTHORIZED BY THE HONORABLE MALCOLM J. HOWARD").

about the merits of Plaintiff's claims and there is no assurance the Court will grant any recovery in the lawsuit."); Ex. 2 (Revised Proposed Reminder Notice), at 1 ("The Court had not yet made a determination about the merits of Plaintiff's claims.").  Therefore, the Court should approve this language in the Revised Proposed Notice and Reminder.

### D.    Smoothstack Should Be Ordered to Produce All Requested Contact Information for Potential Collective Members.

The Court should order Smoothstack to produce last known phone numbers, LinkedIn and Instagram social media handles (if known), work locations, and the last four digits of social security numbers in order to facilitate sending notice.  The last four digits of social security numbers, which Smoothstack need only provide for potential collective members whose notice is returned undeliverable, is important because that information is used to locate updated contact information for re-sending notice.  *See* Pl.'s Mot. at 26-27.  Numerous courts have recognized such limited disclosure is appropriate.  *See* Pl.'s Mot. at 27 (collecting cases); *see also Myles v. Prosperity Mortg. Co.*, No. 11 Civ. 1234, 2012 U.S. Dist. LEXIS 75371, at *29 (D. Md. May 31, 2012) (ordering production of last 4 digits of SSNs only if notice is returned undeliverable); *Presson v. Recovery Connections Cmty.*, No. 18 Civ. 466, 2019 U.S. Dist. LEXIS 115015, at *12 (E.D.N.C. July 10, 2019) (same); *McCoy*, 2020 U.S. Dist. LEXIS 82569, at *25 (same).

### CONCLUSION

For the foregoing reasons, and the reasons stated in Plaintiff's Memorandum, Plaintiff requests the Court: (1) authorize the issuance of notice; (2) order Smoothstack to produce a computer-readable data file containing names, last known mailing address, last known telephone numbers, last known personal email addresses, work location(s), dates of employment beginning with first day of training, social media handles or account names for LinkedIn and/or Instagram, if known, and last 4 digits of social security numbers (for notices returned undeliverable); and (3)

approve Plaintiff's Revised Proposed Notice, Revised Reminder Notice, Consent to Join form, and

the plan for distribution.

Dated: September 11, 2023

Respectfully submitted,

By:  */s/ Molly Elkin*
    Molly Elkin

Molly Elkin (Va. Bar No. 40967)
Rachel Lerner*
**McGillivary, Steele, & Elkin LLP**
1101 Vermont Ave NW, Suite 1000
Washington, D.C. 20005
Phone: (202) 833-8855
Email: mae@mselaborlaw.com
Email: rbl@mselaborlaw.com

Rachel W. Dempsey*
David Seligman**
**Towards Justice**
PO Box 371680, PMB 44465
Denver, CO 80237
Telephone: (720) 441-2236
Email: rachel@towardsjustice.org
Email: david@towardsjustice.org

Jahan C. Sagafi*
**Outten & Golden LLP**
One California Street, 12th Floor
San Francisco, CA 94111
Telephone: (415) 638-8837
Email: jsagafi@outtengolden.com

Hannah Cole-Chu*
Courtney J. Hinkle*
**Outten & Golden LLP**
1225 New York Ave, NW Suite 1200B
Washington, D.C. 20005
Telephone: (202) 915-5810
Email: hcolechu@outtengolden.com
Email: chinkle@outtengolden.com

19

Persis Yu\*
Khandice Lofton\*\*
**Student Borrower Protection Center**
(a fiscally sponsored project of the Shared
Ascent Fund)
1025 Connecticut Ave NW, #717
Washington, D.C. 20036
Telephone: (202) 670-3871
Email: persis@protectborrowers.org
Email: khandice@protectborrowers.org

\* Admitted *Pro hac vice*

\*\* *Pro hac vice* application forthcoming.

*Attorneys for Plaintiff and the Putative FLSA
Collective*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 11, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification to Dirk McClanahan and Zach Miller at:

McClanahan Powers, PLLC.
3160 Fairview Park Drive, Suite 410
Falls Church, VA 22042
Telephone: (703) 520-1326
Email: dmcclanahan@mcplegal.com

/s/ Molly Elkin